22 So.2d 406

**In re HIBERNIA BANK & TRUST CO.**
No. 37396.

April 30, 1945.

Harry W. Belfor, in pro. per.

Dufour, St. Paul & Levy and Montgomery, Fenner & Brown, all of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is an appeal from an order releasing from seizure certain documents belonging to the Hibernia Bank & Trust Company in liquidation, and ordering them delivered to the State Bank Commissioner. The documents had been delivered by an assistant attorney general to the defendant in this proceeding, who is a resident of Atlanta, Georgia, said to be licensed to practice law in that state but not licensed to practice in Louisiana. The assistant attorney general had obtained the documents for the purpose of making certain investigations. Thereafter, when the assistant attorney general demanded of the Georgia attorney, in New Orleans, that he return the documents, he refused to return them. Consequently, on the advice of the assistant attorney general, the bank commissioner and the liquidator of the bank

brought a sequestration suit and had the documents in the possession of the Georgia lawyer in New Orleans seized by the sheriff. After the expiration of the ten days allowed by article 279 of the Code of Practice for a defendant in a sequestration suit to release the sequestered property on bond, the plaintiffs, namely the bank commissioner and the liquidator, proceeded by rule against the defendant in the sequestration suit to show cause why the documents should not be delivered to the bank commissioner and the liquidator. After a trial of the rule, the judge ordered the sheriff to deliver the documents to the bank commissioner; and, under the provisions of Act 153 of 1912, the judge did not require the bank commissioner to furnish the bond which is required by article 279 of the Code of Practice of parties acting in their individual capacity in such cases. The defendant in the rule appealed from the order or judgment. The bank commissioner and the liquidator of the bank have moved to dismiss the appeal because the order or judgment appealed from is only an interlocutory judgment and cannot cause irreparable injury.

■ It is conceded that the documents which were sequestered belong to the bank in liquidation. Whether the defendant in the sequestration proceeding has a lien on the documents is a question which belongs to the merits of the suit. The bank commissioner concedes that the documents are public records, and that as long as they are in his possession, in his capacity as a public official, the documents are subject to inspection by the defendant in this proceeding or by any interested individual, according to the provisions of the Public Records Act, namely, Act 195 of 1940.

It is provided in Act 153 of 1912 that the bank commissioner, when acting in behalf of any state bank as liquidator, shall not be required to furnish a bond in any judicial proceeding instituted by or against him as liquidator.

■ Our conclusion is that the order appealed from cannot cause the defendant in this sequestration suit irreparable injury; hence, as the order appealed from is only an interlocutory order, the defendant has no right to appeal from it. According to article 566 of the Code of Practice the only instance in which an appeal may be taken from an interlocutory order or judgment is when the order or judgment may cause the appellant irreparable injury.

The appeal is dismissed at appellant's cost